UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

**FILED**

01 SEP -6 PM 12: 20

U.S. ............. ......
N.D. OF ALABAMA

LEONARD LUQMAN,                    )
                                   )
      **Plaintiff,**            )
                                   )
vs.                                )        Civil Action No.: CV-99-S-0845-NE
                                   )
THOMAS E. WHITE,[1] SECRETARY,     )
UNITED STATES ARMY,                )
                                   )        **ENTERED**
      **Defendant.**            )
                                            SEP. 6 2001

**MEMORANDUM OPINION**

    This action is before the court on defendant's motion to dismiss or, in the alternative, motion

for summary judgment (doc. no. 22). Upon consideration of the pleadings, motion, brief,[2] and

evidentiary materials submitted by defendant,[3] the court finds that plaintiff's claims based upon Title

VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, are due to be dismissed

for lack of subject matter jurisdiction, pursuant to Federal Rules of Civil Procedure 12(b)(1)[4] and

12(h)(3),[5] and plaintiff's claims based upon 42 U.S.C. §§ 1981 and 1983 dismissed for failure to

---

    [1]Plaintiff's complaint names Togo D. West, Jr. as defendant. Pursuant to Federal Rule of Civil Procedure 25(d)(1), Thomas E. White is substituted, as he is the current Secretary of the Army.

    [2]Only defendant filed a brief and evidentiary materials — this despite the issuance of a submission order on November 30, 2000 (doc. no. 26), informing plaintiff that any evidentiary matters he intended to rely upon when opposing defendant's motion must be filed by December 22, 2000, and any brief filed by January 5, 2001.

    [3]In the absence of any evidentiary submissions by plaintiff, the court relies on defendant's exhibits, which include Equal Employment Opportunity ("EEO") documents outlining the details and disposition of plaintiff's EEO complaints.

    [4]Federal Rule of Civil Procedure 12(b)(1) provides in pertinent part that:

        Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter....

    [5]Federal Rule of Civil Procedure 12(h)(3) provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." While neither party has raised this issue, this court is required to address the issue *sua sponte. See Rembert v. Apfel,* 213 F.3d 1331,1333-34 (11th Cir. 2000).

29

state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant's alternative motion for summary judgment is moot.[6]

## I. FACTUAL BACKGROUND

Plaintiff, who appears *pro se*, is employed by the United States Army at its Missile Command (MICOM) located on Redstone Arsenal near Huntsville, Alabama. Plaintiff alleges several instances of retaliation for prior Equal Employment Opportunity ("EEO") activity in violation of Title VII and 42 U.S.C. §§ 1981 and 1983.

In 1989, plaintiff filed a formal complaint with the Redstone Arsenal EEO Office alleging race discrimination, and, in 1991, this complaint was resolved by final decision of the U.S. Department of the Army in plaintiff's favor. That decision required that plaintiff be retroactively promoted to a GS-2050-05/09 Supply Cataloger (Para-Trainee) position, and that he receive the Para-Trainee training necessary for successful job performance at the GS-09 grade level. Pursuant to that decision, plaintiff was promoted to the GS-09 grade level on November 5, 1991. On December 22, 1996, plaintiff was temporarily promoted to the GS-11 grade level, but he was returned to the GS-09 grade level on June 9, 1997. He was permanently promoted to the GS-11 level on December 14, 1997.

On January 30, 1996, plaintiff filed a second EEO complaint, alleging retaliation for his prior EEO activity. Specifically, he claimed that: (1) he was denied necessary training, (2) he was denied the opportunity for promotion, (3) he was assigned menial job duties, and (4) defendant had not provided the training required by the 1991 decision. The complaint was dismissed as untimely,

---

[6]Although the court has relied upon defendant's evidentiary submissions to determine that it is without jurisdiction, the court does not rule on the merits of the motion for summary judgment. *See* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure – Civil 3d § 2713, at 235-41 (1998).

because plaintiff had failed to initiate contact with an EEO counselor within 45 days of the date of the alleged discriminatory act as required by 29 C.F.R. § 1614.105(a)(2). Plaintiff appealed to the Equal Employment Opportunity Commission, Office of Federal Operations, which upheld the agency's decision. On April 21, 1997, plaintiff filed a complaint in this court: *i.e.*, *Leonard Luqman vs. Department of the Army*, CV-97-S-0722-NE. On September 20, 1997, this court entered an order granting defendant's motion for summary judgment and dismissing all of plaintiff's claims.

On March 5, 1998, plaintiff initiated contact with the defendant's EEO Office as required by the regulations, in connection with yet another complaint of discrimination, and he alleged the following instances of retaliation:

(1)     Several co-workers were promoted to GS-11 positions before he was;

(2)     From January 1996 to December 1997, he was denied necessary training for successful job performance at the GS-09 grade level;

(3)     From January 1996 to December 1997, he was assigned to menial job duties below the GS-09 level;

(4)     From December 1997 through the time of his complaint, he was denied the necessary training for successful job performance at the GS-11 level because (a) he was not given a temporary assignment to Dallas, Texas, in February and March 1998, and (b) management had failed to implement his "Career Pattern of Development Plan";

(5)     From December 1997 through the time of his complaint, he was assigned menial job duties below the GS-11 grade level, which prevented him from being considered for future promotions;

(6)     His job was abolished in 1995, which resulted in his placement in an "overhire slot";

and,

(7)     From 1996 through the time of his complaint, he was denied cash awards that were

given to similarly situated employees.

Plaintiff participated in the informal pre-complaint counseling process.  However, Fay

Cowan, an EEO counselor at Redstone Arsenal, was unable to informally resolve the complaint, and

concluded that "a number of the issues raised by Mr. Luqman have been addressed previously."

(Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment (doc. no. 22), Ex. 16,

at 5.)

Plaintiff filed a formal complaint with the Redstone Arsenal EEO Office on October 2, 1998.

(*Id.*, Ex. 17.)  On November 23, 1998, the EEO Office notified plaintiff that it proposed to dismiss

several of the allegations because they were untimely, and, because they had already been decided.

*Id.*, Ex. 19.)  Allegations 1, 2, 3, 4(b), and 6 were proposed to be dismissed in their entirety, and

allegations 5 and 7 were limited to the 45-day period prior to plaintiff's initial contact with the  EEO

counselor (*i.e.*, from January 20, 1998).  Plaintiff failed to respond to the proposed partial dismissal,

and on January 7, 1999, Charles L. Ray, EEO Officer, Department of the Army, United States Army

Aviation and Missile Command, Redstone Arsenal, informed plaintiff by letter that he was accepting

allegation 4(a), and limiting allegations 5 and 7 to the period beginning January 20, 1998.  (*Id.*, Ex.

20.)  Also on January 7, 1999, by separate letter, Mr. Ray informed plaintiff that he was dismissing

allegations 1, 2, 3, 4(b), and 6.  That letter stated that "this is the Department of Army's Final

Decision," and included a statement of plaintiff's appeal rights.[7]  (*Id.*, Ex. 21.)  Plaintiff did not file

---

[7]Prior to November 1999, the regulations permitted the interlocutory *administrative* appeal of the partial dismissal of a complaint. *See* Supplementary Information to Equal Employment Opportunity Commission Federal Sector Employment Final Rule, 64 Fed. Reg. 37643, 37647 (July 12, 1999).  Such appeals were eliminated in order to streamline the process and to avoid multiple hearings on the same complaint. *Id.* The regulations were revised to provide

an administrative appeal of the partial dismissal, but on April 6, 1999, he filed the present action.

No further administrative action appears to have been taken on plaintiff's EEO complaint.

## II. DISCUSSION

This court is "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may

be lacking." *Galindo-Del Valle v. Attorney General*, 213 F.3d 594, 598 n.2 (11th Cir. 2000), *cert.*

*denied*, ___ U.S. ___, 121 S.Ct. 2590, 150 L.Ed.2d 749 (2001); *see also, e.g., University of South*

*Alabama v. The American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

A federal employee "aggrieved by the final disposition of his complaint" may file a civil

action "[w]ithin 90 days of receipt of notice of *final action* taken by" the administrative agency. 42

U.S.C. § 2000e-16(c) (emphasis supplied). The regulations at 29 C.F.R. § 1614.110 provide that

"[t]he final decision shall consist of findings by the agency on the merits of each issue in the

complaint and, when discrimination is found, appropriate remedies and relief in accordance with

subpart E of this part."[8]

Here, Redstone Arsenal's EEO Officer partially dismissed and partially accepted plaintiff's

allegations of retaliation for prior EEO activity. While the EEO Officer characterized the January

7, 1999 letter partially dismissing plaintiff's allegations as the "final decision" of the Department of

---

for the administrative processing of complaints where some of the complaints have been dismissed, as follows:

> Where the agency believes that some but not all of the claims in a complaint should be dismissed..., the agency shall notify the complainant in writing of its determination, the rationale for that determination and that those claims will not be investigated, and shall place a copy of the notice in the investigative file. A determination under this paragraph is reviewable by an administrative judge if a hearing is requested on the remainder of the complaint, but is not appealable until final action is taken on the remainder of the complaint.

29 C.F.R. § 1614.107(b) (2001).

[8]The regulation was subsequently revised to replace the term "final decision" with "final action," the term used in the statute. *See* 64 Fed. Reg. 37643, 37647 (July 12, 1999).

the Army, his action is not a final decision under the regulations, following which plaintiff may file a civil action.[9] The claims which were found to be timely have not been investigated, and the administrative agency has not had the opportunity to resolve them.[10] "Title VII is specifically designed to 'encourag[e] administrative resolution of employment discrimination disputes.'" *Dent v. Rubin,* 924 F. Supp. 124, 127 (D. Kan. 1996) (quoting *Robbins v. Bentsen,* 41 F.3d 1195, 1199 (7th Cir. 1994)).  Accordingly, this matter is not properly before the court.

Plaintiff has also based his claim on 42 U.S.C. §§ 1981 and 1983. (Complaint ¶ 1.)  Those claims are due to be dismissed, as Title VII is the exclusive judicial remedy available to federal employees who allege employment discrimination. *See Brown v. General Services Administration,* 425 U.S. 820, 835, 96 S.Ct. 1961, 1969, 48 L.Ed.2d 402 (1976).  Moreover, 42 U.S.C. § 1983 applies only to alleged violations of federal constitutional rights by persons acting under color of *state* law.

For the foregoing reasons, this court has concluded that plaintiff's Title VII claims should be dismissed without prejudice.  The court has further concluded that defendant's motion to dismiss plaintiff's claims under 42 U.S.C. §§ 1981 and 1983 should be granted.  A separate order will be entered contemporaneously herewith.

---

[9]Plaintiff alleges in his complaint that he "fulfilled all conditions precedent to the institution of this action," that he "timely filed his charge of race discrimination within 180 days of the occurrence of the last discriminatory act, and that he "timely filed this action within 90 days after his receipt of the EEOC's Notice of Right to Sue." (Complaint ¶ 2.)  The court cannot take these allegations as true, as those time limits are inapplicable to federal employees' claims, and it is clear that he did not receive a notice of right to sue from the EEOC.

[10]The regulations also provide that a federal employee may file a civil action after 180 days from the date of the filing of a complaint "if an appeal has not been filed and final action has not been taken." 29 C.F.R. § 1614.407(b) (2001) (formerly 29 C.F.R. § 1614.408(b)).  This is meant to redress an employee who has been "aggrieved...by the [agency's] failure to take final action on his complaint." 42 U.S.C. § 2000e-16(c).  Here, the agency purported to take "final action," in partially dismissing plaintiff's claims, but did not effectively do so.  Plaintiff filed his formal complaint on October 2, 1998, and it was received by the agency on October 5, 1998.  He thus filed this civil action more than 180 days after filing his complaint, with no final action by the agency.  The court finds, however, that permitting this civil action to go forward on this basis would frustrate the purpose of Title VII to administratively resolve complaints prior to recourse to the district court.

DONE this __6th__ day of September, 2001.

_____
United States District Judge

7